UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOVAN CASTILE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:11 CV 1033 RWS |
| v. | ) |
| | ) |
| ST. ANTHONY'S MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Jovan Castile filed this lawsuit against St. Anthony's alleging it engaged in unlawful employment practices while she was its employee. This matter is before the Court on Defendant St. Anthony's Medical Center ("St. Anthony's") Motion to Dismiss [#9].

**I.  Background**

St. Anthony's is a religious institution and nonprofit corporation that delivers health care services to area residents.

Castile alleges she was hired by St. Anthony's in 2001 as part-time technician and in 2004 became a full-time technician. Castile asserts that she suffered from Endometriosis, that St. Anthony's accommodated her condition for a period of time during which Castile was able to perform her job task. Castile alleges that St. Anthony's changed its policy and no longer accommodated her condition. Castile's employment was ultimately terminated.

In Count I of her Complaint, Castile alleges violations of federal and state disability discrimination laws. Count II alleges violations of federal and state gender discrimination laws. Count III alleges violations of federal and state retaliation laws. Finally, Count IV allege

-1-

disability discrimination, sex discrimination and retaliation in violation of the Missouri Human Rights Act ("MHRA").

St. Anthony's moves to dismiss the state law claims in Count I, the state law claims asserted in Count II, and II, Count III, and Count IV of Castile's Complaint.

## II. Legal Standard

When ruling upon a motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir. 2002).

## III. Discussion

### A. Missouri Human Rights Act claims in Counts I-IV

St. Anthony's argues Castile's MHRA claims for disability discrimination, gender discrimination, and retaliation, as asserted in Counts I-IV, should be dismissed because Castile failed to file this lawsuit within ninety days of the issuance of her Missouri Commission of Human Rights ("MCHR") Right to Sue letter. "Any action brought in court under [the MHRA] shall be filed within ninety days from the date of the commission's notification letter to the individual." MO. REV. STAT. 213.111.1. Plaintiff's right to sue letter was issued by the MCHR on November 2, 2010. Plaintiff filed this lawsuit on June 7, 2011, well over the ninety days from

the date MCHR issued her a right to sue letter.

In her Response, Castile does not argue that the MHRA's ninety day time limit to file a lawsuit is not applicable to her claims nor does she contest that her state law claims were filed outside of the ninety day time limit. As a result, I find that Castile asserted her state law claims under the MHRA and that they are time-barred. Accordingly, the state law claims asserted in Counts I, II, and III will be dismissed and Count IV will be dismissed in its in its entirety.

**B.  Federal law claim for disability discrimination in Count I**

St. Anthony's argues that Castile's federal law claim in Count I for disability discrimination must be dismissed under Rule 12(b)(6). St. Anthony's argues Castile has failed to plead the elements necessary to satisfy the prima facie case for disability discrimination under the ADA because she failed to specifically allege that her condition qualifies as a disability under the ADA.

Castile alleges she suffered from Endometriosis, that St. Anthony's accommodated her condition for a period of time during which Castile was able to perform her job tasks, that St. Anthony's changed its policy and no longer accommodated her condition, and that her employment was ultimately terminated. At this early stage in this lawsuit, Castile is merely required to plead the necessary facts to give St. Anthony's fair notice of her claim and the grounds upon which it rests. Bell Atl. Corp., 550 at 555. As a result, I decline to dismiss Castile's ADA claim in Count I.

**C.  Federal law claim for retaliation in Count III**

St. Anthony's argues that Castile's federal law claim for retaliation must be dismissed because she failed to exhaust her administrative remedies for this claim.

Castile's Complaint does not indicate which federal law was violated by St. Anthony's alleged retaliation. Even if I assume Castile is alleging a violation of Title VII and the ADA, Castile has failed to exhaust her administrative remedies and the claim will be dismissed.

It is unlawful retaliation under Title VII and the ADA to discriminate against an employee because she has either opposed an unlawful employment practice or made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the statute.

Castile did not directly assert a retaliation claim on the Charge of Discrimination ("Charge") she filed with the EEOC. On the Charge, Castile was prompted to check the appropriate boxes to indicate the basis of the alleged discrimination. Castile had the option to check the following: race, national origin, disability, color, religion, retaliation, sex, age, and other. Castile checked the boxes for disability and sex. She did not check the box for retaliation.

Castile argues that she has not failed to exhaust her administrative remedies because her retaliation claim reasonably grew out of the EEOC investigation. However, "[i]t is well established that retaliation claims are not reasonably related to underlying discrimination claims." Russell v. T.G. Missouri Corp., 340 F.3d 735, 748 (8th Cir. 2003) (citing Wallin v. Minn. Dep't Corrections, 153 F.3d 681, 688 (8th Cir. 1998). As a result, I must consider the allegations Castile asserts in her Charge to determine whether she exhausted her administrative remedies for retaliation. To satisfy the exhaustion requirement, the statement in Castile's Charge must provide sufficient notice of her retaliation claim. Russell, 340 F.3d at 748.

In her Charge, Castile asserts that "When Ms. Castile's supervisor was informed that [Ms. Castile] would not be able to come into work, [Ms. Castile] was retaliated against by termination." This is not the type of "retaliation" contemplated by Title VII or the ADA's

retaliation provisions. Castile alleges in her Charge that she was retaliated against for informing her supervisor that she would not be able to come into work. Title VII and the ADA prohibit discriminating against an employee for opposing an unlawful employment practice or making a charge, testifying, assisting, or participating in an investigation, proceeding or statute under Title VII or the ADA. Castile does not asset such a retaliation claim. As a result, I will dismiss the federal retaliation claims asserted in Count III.

Accordingly,

**IT IS HEREBY ORDERED that** St. Anthony's Motion to Dismiss [#9] is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED that** Jovan Castile's Motion for Leave to file Response out of Time [#13] is **GRANTED**.

**IT IS FINALLY ORDERED that** St. Anthony's request for costs and attorneys fees incurred in seeking dismissal of Castile's MHRA claims is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of December, 2011.